UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC SHAPIRO,

    Plaintiff,

v.                                CASE NO. 8:20-cv-1268-T-02CPT

HYPER HEALING, LLC, a South
Carolina limited liability company,
HYPER HEALING, LLC, a Florida
foreign limited liability company,
TRIDENT PAIN CENTER, LLC, a South
Carolina limited liability company, and
DR. JOSEPH E. NOLAN, individually,

    Defendants.
_____/

## ORDER TRANSFERRING CASE

This matter came before the court on August 28, 2020 for a hearing on Defendants' motion to dismiss, stay, or transfer this litigation to the United States District Court for the District of South Carolina, pursuant to the first-filed rule (Doc. 16). The Court has received briefing and argument from the parties through counsel. The Court orders transfer of this matter to the District of South Carolina, Charleston Division.

### *BACKGROUND*

Most relevant to the matter under consideration is an order from U.S.

District Judge Bruce H. Hendricks. That order is attached hereto an appendix, as it is referred to below.

A dispute between the parties arose, starting initially in 2018 and then becoming more pronounced in 2019. The gist of the dispute is ownership of the mark "HyperHeal" and similar trademarks. There also arose during this timeframe a dispute on whether Defendants owed Plaintiff monies for, roughly speaking, confidential business consulting advice. After various lawyer-type threats between the parties were raised, in late 2019 the Defendants filed a declaratory judgment action in the District of South Carolina. Judge Hendricks' order describes the history briefly. In February 2020, the Plaintiff filed a motion with Judge Hendricks to dismiss for lack of personal jurisdiction in South Carolina, or to transfer venue to the Middle District of Florida for the convenience of the parties and witnesses. While this motion was under consideration and pending, Plaintiff filed the instant complaint here in June 2020. Doc. 1.

The operative complaint in the South Carolina action is in this record. Doc. 16-1. When one compares the South Carolina complaint to the instant Tampa Complaint, it is clear the matters seriously overlap. Both the South Carolina judge and the undersigned are asked to adjudicate the very same HyperHeal trademarks with the same parties. The first three counts of the Tampa complaint

require this trademark adjudication, and the South Carolina complaint does as well.

The Tampa complaint involves five parties total, and only one is Tampa-based. The other four parties are from Maryland (Plaintiff) and South Carolina (three Defendants). The other counts in the Tampa complaint, beyond the trademark causes of action, appear to be permissive, and perhaps compulsory, counterclaims to the South Carolina complaint. The parties between the two complaints almost entirely are identical with no substantive difference (Dr. Nolan is listed only in Tampa, but he is a principal of Trident Pain Center, LLC – listed in both complaints).

Judge Hendricks' thoughtful order in the appendix concludes that appropriate personal jurisdiction exists in South Carolina over Plaintiff Shapiro. Likewise, Judge Hendricks concluded that the interests of the parties, convenience, and judicial economy did not require transfer of that first-filed complaint to the Middle District of Florida.

## *LEGAL ANALYSIS*

The facts and issues raised in the Florida Complaint are encompassed by the earlier-filed South Carolina litigation. The first-filed rule in the Eleventh Circuit establishes that the Florida Complaint should be transferred to the District of South Carolina. "Where two actions involving overlapping issues and parties are

pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *Actsoft , Inc. v. Alcohol Monitoring Sys., Inc.*, No. 8:08-cv-628-T-23-EAJ, 2008 WL 2266254, at *1 (M.D. Fla. June 3, 2008) ("[T]he federal court in which a controversy is 'first filed' should retain plenary authority to resolve the entire dispute.").  In the Eleventh Circuit, district courts applying the first-filed rule look to: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues.  *Bankers Ins. Co. v. DLJ Mortg. Capital, Inc.*, No. 8:10-cv-419-T-27EAJ, 2012 WL 515879, at *3 (M.D. Fla. Jan. 26, 2012) (citation omitted); *Actsoft*, 2008 WL 2266254, at *1.  "All that need be present [for the rule to apply] is that the two actions involve closely related questions or common subject matter . . . The cases need not be identical or duplicative." *Strother v. Hylas Yachts, Inc.*, No. 12-80283-CV, 2012 WL 4531357, at *2 (S.D. Fla. Oct. 1, 2012) (citation omitted).  "The primary purpose of the [first to file] rule is to conserve judicial resources and avoid conflicting rulings." *First Equitable Realty, III, Ltd. v. Dickson*, No. 13-20609-CIV, 2013 WL 5539076, at *3 (S.D. Fla. Oct. 8, 2013).

"When the first-to-file rule is applicable, a district court may elect to stay, transfer, or dismiss a duplicative later-filed action, and in applying the first-to-file rule, judges are afforded 'an ample degree of discretion.'" *Strother*, 2012 WL

4531357, at *1 (citations omitted).  A "party objecting to jurisdiction in the first-filed forum [must] carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135 (citation omitted).  No compelling circumstances have been shown.  Indeed, transfer will convenience the Plaintiff, as he already has capable South Carolina counsel, Plaintiff is from Maryland (much closer to Charleston than Tampa), and most of the other parties are from South Carolina.  *See, e.g., Dickson,* 2013 WL 5539076, at *3 (applying the first-filed rule and noting there was no reason why the claims asserted in the later-filed suit could not be raised as counterclaims in the first-filed suit); *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1299 (S.D. Fla. 2013) (transferring second-filed action); *Rudolph & Me, Inc. v. Ornament Cent., LLC*, No. 8:11-cv-670-T-33EAJ, 2011 WL 3919711, at *3 (M.D. Fla. Sept. 7, 2011) (transferring second-filed case); *Global Innovation Tech. Holdings, Inc. v. Acer Am. Corp.*, 634 F. Supp. 2d 1346, 1349 (S.D. Fla. 2009) (transferring second-filed action); *Bankers Ins. Co.*, 2012 WL 515879, at *5 (transferring second-filed action).

Accordingly, Defendants' motion to transfer (Doc. 16) is granted. Defendant's motion to stay discovery (Doc. 17) is denied as moot.  The Clerk shall transfer this matter to the District of South Carolina, Charleston Division, and thereafter close this case

**DONE and ORDERED** at Tampa, Florida, August 28, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE